UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INTEGRATED FORESTRY SERVICES, L.L.C.

VERSUS

CANAL INDEMNITY COMPANY

CIVIL ACTION

NO: 07-230-JJB-SCR

**RULING ON SECOND MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Second Motion for Summary Judgment filed by defendant, Canal Indemnity Company ("Canal"). (Doc. 15). The plaintiff, Integrated Forestry Services ("IFS") opposes this motion (Doc. 19). Canal has filed a reply (Doc. 21). Oral arguments were heard on 09/09/2008. Subject matter jurisdiction is based upon 28 U.S.C. §1332.

**I.    Factual Background**

On February 25, 2006, an IFS employee was hauling a 16-18 ton load of wood chips in a 1987 Boggs Trailer ("the trailer"). The trailer was en route to deliver its load from Environmental Concerns, L.L.C. ("Environmental") to a mill in DeRidder, Louisiana when it "cracked in half." At the time, the trailer was insured under Canal's Basic Automobile Physical Damage Policy- No. P099237. This policy, at **I –COVERAGE AGREEMENTS**, PROVIDES:

> **Exclusions:** This insurance does not apply:
>
> ...
> (b)   to damage which is due and confined to:
>        (i)    wear and tear, or
>        (ii)   freezing, or

1

     (iii) mechanical or electrical breakdown or failure, unless such damage is the result of other **loss** covered by this insurance[.]

On February 27, 2006, IFS reported the incident to Canal. Canal assigned the claim to Aero Adjustment Bureau ("Aero"). Aero performed an investigation and issued a recommendation to Canal in an April 12, 2006 report. Aero's report concluded that "the loss occurred as a result of the trailer frame's mechanical failure, including the trailer's age and wear, and likely including the dropping of chips into the trailer over a long period of time." Soon thereafter, Canal advised IFS that its claim was denied for the reasons stated in Aero's report.

## II. Arguments

Canal argues that IFS has produced no evidence regarding the road's condition, and no evidence to support its allegation that road conditions caused the trailer to collapse. Canal argues that IFS did not produce an expert report regarding the condition of the road or provide any expert report to substantiate that an unavoidable pot hole caused the trailer's damage.

Canal also claims that this incident falls under the exclusions in the policy because there was a mechanical breakdown. The trailer suffered from structural failure. This Court has already ruled that a "structural failure" and "mechanical failure" are not one and the same.

## III. Standard of Law

Summary Judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317,322 (1986).

## IV.   Analysis

Canal claims that there has been no expert report or evidence supporting Integrated Forestry's claim that the damage was caused by unavoidable pot holes in the roadway. However, Integrated Forestry's expert, Mr. Killingsworth reported that "the poor condition of the travel route created sufficient dynamic loading of the trailer and trailer cargo to cause the trailer's center cross bracing to fail." Integrated Forest also submitted an affidavit from Timothy Lane Liddy, in which Mr. Lyddy attests to his own personal knowledge that at the time of the accident the roads within the territory of the Boise Mill were in great disrepair, with many deep pot holes and ruts all about them. Integrated Forest has supplied both evidence and an expert repot describing the conditions of the roadway.

Canal also claims that this incident falls under the exclusions in the policy because there was a mechanical breakdown. The trailer suffered from structural failure. This Court has already ruled that a "structural failure" and "mechanical failure" are not one and the same. This Court again finds that the words "structure and "machine" are commonly understood to have different meetings. The Webster's Online Dictionary's definitions of "mechanical" ("using (or as if using) mechanisms or tools or devices; relating to or concerned with machinery or tools; relating to or concerned with machinery or tools; relating to or governed by in accordance with mechanics."); "mechanism" ("a device consisting of a piece of machinery; has moving parts or some function.); "machine" ("any mechanical or electrical device that transmits or modifies energy to perform or assist in the performance of human tasks."); "structural" ("relating to or

having or characterized by structure; affecting or involved in structure or construction."); and "structure" ("a thing constructed; a complex construction or entity; the manner of construction and the arrangement of its parts.") to demonstrate the difference between how one would define a structure versus a machine. This Court again finds the differences are clear and unambiguous.

### V.   Conclusion

This Court finds that genuine issues of facts remain as to whether there were any road conditions that caused the trailer to collapse. This Court also again finds that the "mechanical failure" exclusion does not apply to the facts at bar.

Accordingly, Canal's Motion for Summary Judgment is Denied.

Baton Rouge, Louisiana this 15st day of October, 2008.

James J. Brady, Judge

Middle District of Louisiana